IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVE REED,                              :
                                         :
        Plaintiff,                       :
                                         :
    v.                                   :    CIVIL ACTION NO.
                                         :    1:04-CV-1064-JOF
VICTOR OKEREKE, et al.,                  :
                                         :
        Defendants.                      :

## OPINION AND ORDER

This matter is before the court on Defendants' motion for summary judgment [82], the Report and Recommendation of Magistrate Judge Alan J. Baverman [106], and Plaintiff's objections thereto [108].

**I.   Background**

    **A.   Procedural History**

On March 11, 2004, Plaintiff, Steve Reed, an African-American male, proceeding *pro se* and *in forma pauperis*, filed a suit raising claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1984, and Title VII of the of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against Defendants, Victor Okereke, Gary Morgan, Carlton Hailey, Annie Underwood, Alysia Shand, Marie Bar, Leola Scott, Tim Equals, and John Doe (hereinafter collectively "Defendants"). In his complaint Plaintiff contends that he was harassed,

terminated, and denied promotion as a result of his sex, race, religion, and national origin. Upon conducting a frivolity screening pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Baverman dismissed Plaintiff's Title VII and 42 U.S.C. §§ 1982 and 1984 claims. Defendants filed a motion for summary judgment on October 31, 2005. On July 12, 2006, Magistrate Judge Baverman filed a Report and Recommendation, recommending that this court grant Defendants' motion for summary judgment. On July 21, 2006, Plaintiff filed a motion for extension of time to file objections to the Report and Recommendation, and on July 24, Plaintiff filed his objections to Magistrate Judge Baverman's Report and Recommendation.

Moreover, Plaintiff is currently objecting to the Magistrate Judge Baverman's handling of several motions filed earlier during the course of this action. Specifically, Plaintiff filed two motions for default judgment, which Magistrate Judge Baverman denied in orders filed on March 17 and August 12, 2005. Plaintiff filed a motion for issuance of subpoena on June 8, 2005. In the August 12, 2005 order, Magistrate Judge Baverman denied Plaintiff's motion without prejudice, allowing Plaintiff fifteen days to file a

> pleading which identifies each witness by name, address, agency or government department, if any, and the specific information sought from that witness, including but not limited to the types of documents, if any, also being sought. Also, as to each person, Plaintiff shall state whether the person is to be subpoenaed for deposition, trial or only the production of documents.

Plaintiff filed a motion for issuance of subpoena and to sequester documents/tapes and also filed a motion to sequester and for issuance of subpoena for documentation and other related items on September 1 and 2, 2005, respectively. Magistrate Judge Baverman denied these

2

motions on November 18, 2005.  Next, Plaintiff filed a motion to rescind and a motion for reconsideration of the November 18 order, which Magistrate Judge Baverman denied in an order accompanying his Report and Recommendation filed on July 17, 2006.

On April 7, 2006, Plaintiff filed a motion for federal investigation surrounding Defendants' counsel's alleged actions of fraud and deceit on April 2, 2004; Magistrate Judge Baverman denied that motion in a minute order on April 7, 2006.  Plaintiff filed a motion for reconsideration on April 20, 2005; Magistrate Judge Baverman also denied that motion in an order accompanying his Report and Recommendation filed on July 17, 2006.

**B.   Facts**

On March 5, 2001, Fulton County's Department of Public Works offered Plaintiff a position as an Environmental Water Technician.  The County informed Plaintiff that he would have a six-month probationary appointment and, like all Environmental Water Technicians, would need to obtain Water Laboratory Analyst Certification and/or Wastewater Laboratory Analyst Certification within a year of being hired.  The license examination was offered five or six times a year.  Plaintiff took and failed the test on September 11, 2001.  To help Plaintiff, the county gave him additional time to study, allowed lab employees to train Plaintiff, and provided Plaintiff with study materials.  However, the county did not register Plaintiff or another black male to attend the Georgia Wastewater Institute ("GWI").  Plaintiff estimates that 90% of individuals who attend the GWI classes passed the certification test.

3

Plaintiff's initial supervisor was Defendant Okereke. Later, Defendant Morgan became Plaintiff's immediate supervisor with Defendant Okereke in charge of both Defendant Morgan and Plaintiff. Plaintiff states that Defendant Okereke, a male from Nigeria, denied Plaintiff his right to promotion, his right to educational materials to pass a mandatory test, and called him derogatory names. Plaintiff testified that Defendant Okereke believed he, as a Nigerian, was "far superior" to African-American males and would hit and push Plaintiff "all the time."

According to Plaintiff, Defendant Morgan, an African-American male, spit in Plaintiff's face, called him a "nigger," an "Uncle Tom," and "a bunch of evil snakes." Defendant Morgan also would make derogatory comments at Plaintiff due to his religious beliefs. Finally, Defendant Morgan would follow Plaintiff, swear at him, call him a "chicken," and threaten him. Defendant Hailey, an African-American male, Deputy Director of Water Protection, accused Plaintiff of stealing an employee's purse, leading to Plaintiff's arrest. In mid-November 2001, Defendant Hailey told Plaintiff that he would be reassigned as a stream monitor and would not need to take a licensing test.

Plaintiff further alleges that Defendant Underwood, the Human Resources Coordinator, and Alysia Shand, the Human Resources Manager for the County, lied to Plaintiff about the requirements for the stream monitor position, changed these requirements, and did not inform Plaintiff of the changes. Plaintiff alleges that he did not know that a test is required for the stream monitoring position, and because of Defendants' actions, Plaintiff was unable to register for and pass the test.

4

Plaintiff maintains that Defendant Bar, a Water Quality Manager, called Plaintiff a "nigger" and swore at him. She also prevented Plaintiff from obtaining educational material and refused to inform him of the GWI training or allow him to attend the training. Plaintiff informed Defendant Scott, the head of the engineering department at the Big Creek facility and acting supervisor for the wastewater industrial monitor division, of his (Plaintiff's) problems with Defendants Morgan and Okereke and requested help in registering for the GWI training. Defendant Scott gave Plaintiff the phone number for the GWI class but informed him that he would need Defendant Okereke's approval before attending the class. Further, Defendant Scott and Defendant Equals, the Assistant Director of Public Works, did not move Plaintiff away from Defendants Morgan and Okereke, despite being informed of the problems.

On January 24, 2002, and February 26, 2002, Defendant Underwood mailed Plaintiff reminders indicating that if the County did not receive documentation showing that he had been certified on or before March 13, 2002, his employment would be terminated. Plaintiff did not receive the required certification. On March 12, 2002, D.C. Mauldin, the Director of the Fulton County Public Works Department, fired Plaintiff.

C.   **Report and Recommendation**

Magistrate Judge Baverman, in his first Report and Recommendation, made the following findings. First, in this type of case, claims under 42 U.S.C. § 1981 "effectively merge" into his section 1983 claims when a plaintiff brings both claims. Therefore, Plaintiff's claims should be addressed together. *See Alexander v. Chattahoochee Valley*

5

*Cmty. Coll.*, 325 F. Supp. 2d 1274, 1276 n.1 (M.D. Ala. 2004) (citing *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

With regard to the timeliness of Defendants' motion for summary judgment, the Report concludes that because the motion was filed in accordance with the Federal Rules of Civil Procedure, the court's local rules, and deadlines set by the Magistrate Judge's own order [Docket Entry 73 at 4], Defendants' motion was "not premature because it was filed on the last possible day for filing summary judgment motions and Plaintiff had adequate time to complete discovery."

Addressing Defendants' qualified immunity arguments, the Report notes that "qualified immunity insulates government officials from personal liability [under §§ 1981 and 1983] for actions taken pursuant to their discretionary authority." *Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1032 (11th Cir. 1989)). Because Defendants' motion for summary judgment is silent on the issue of whether Defendants were acting within the scope of their discretionary functions and fails to identify the individual Defendants or their roles in the Fulton County Waste Management system, Defendants have not met the initial burden of showing that they were engaged in a discretionary function. Therefore, Defendants are not entitled to the defense of qualified immunity.

Moving on to the merits of Plaintiff's section 1983 claim, Plaintiff's argument was "that he was deprived of rights under § 1981 and the Equal Protection Clause of the Fourteenth

6

Amendment in making his § 1983 claims for race, gender, national origin, and religious discrimination." In order to prove a claim of disparate treatment under section 1983, an employee must establish discriminatory intent, and such a showing can be made either through direct or circumstantial evidence. *See Vessles v. Atlanta Ind. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005); *see also Shows v. Morgan*, 40 F. Supp. 2d 1345, 1358 (M.D. Ala 1999).

The Report states that Plaintiff has not provided direct evidence of discriminatory intent. To amount to direct evidence, a statement must be made by a decision maker, relate to a challenged employment decision, and reveal blatant discriminatory animus. *Chambers v. Walt Disney World Co.*, 132 F. Supp. 2d 1356, 1364 (M.D. Fla. 2001). While comments made by Defendants reveal discriminatory animus, Plaintiff has failed to tie these statements to any challenged employment decision.

To make an employment discrimination claim under section 1983 with circumstantial evidence, Plaintiff must make a *prima facie* case of discrimination. *See, e.g., St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). With regard to circumstantial evidence of discriminatory intent, the Report addresses each of Plaintiff's claims of discrimination in turn. As to Plaintiff's discrimination claim for failure to promote, Plaintiff must show, in order to made a *prima facie* case, that (1) he belonged to a protected class; (2) he was qualified for and applied for a position that the employer was seeking to fill; (3) despite being qualified, he was rejected; and (4) the position was filled with an individual outside the protected class. *Vessels*, 408 F.3d at 768. Magistrate Judge Baverman found that Plaintiff

cannot establish a *prima facie* case for three reasons. First, Plaintiff has not met his burden of showing that he applied for a promotion or that a position existed for which any of the Defendants had to consider him. Second, as Plaintiff has not identified any position for which he was denied a promotion, he cannot show that he was rejected for any position. Third, without any specific evidence of being denied a promotion, Plaintiff has failed to show that he was replaced by someone. Therefore, Magistrate Judge Baverman recommends that this court grant summary judgment to Defendants on Plaintiff's section 1983 discrimination claim for failure to promote.

The Report states that with regard to Plaintiff's claim for discriminatory discharge, Plaintiff must show that (1) he was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class or that an individual outside his protected class was treated more favorably. *Cuddeback v. Fla. Bd. of Edu.*, 381 F.3d 1230, 1236 (11th Cir. 2004). Because Plaintiff has not provided any evidence as to the identity of the person who replaced him or any specific evidence of similarly-situated individuals, outside his protected class, who were treated more favorably than he was, Plaintiff has not shown the fourth element and therefore has not made a *prima facie* case of discriminatory discharge. Without discriminatory intent in the termination, Plaintiff cannot show that Defendants are individually liable under section 1983, and therefore, Magistrate Judge Baverman recommends this court grant summary judgment to Defendants on Plaintiff's claim for discriminatory discharge.

8

With regard to Plaintiff's 42 U.S.C. § 1983 individual capacity harassment claims, Magistrate Judge Baverman recommends that this court grant summary judgment to the Defendants because Plaintiff is barred by the two-year statute of limitations.

Finally, with regard to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants in their official capacity, Magistrate Judge Baverman notes that such a claim is effectively a suit against the county. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 n.14 (11th Cir 2000). Counties are not liable for the actions of its employees. Rather a county is only liable under 42 U.S.C. § 1983 if a plaintiff establishes "that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper*, 403 F.3d at 1221. To make such a showing, Plaintiff must establish that the official has official policymaking authority and that a deprivation of constitutional rights occurred as a result of an official policy or custom. Here, Plaintiff baldly asserts that Defendants were policymakers but has not provided any evidence that Defendants had any policymaking authority. Further, the Report notes that none of the Defendants could have been policymakers regarding promotions or terminations as none had the authority to promote or fire Plaintiff. Finally, Magistrate Judge Baverman notes that even if Defendants were final policymakers, Plaintiff has not shown discriminatory intent. Therefore, he has not shown a deprivation of constitutional rights occurred as a result of an official policy or custom. For these reasons, Magistrate Judge Baverman recommends that this court grant Defendants' motion for summary judgment with regard to Plaintiff's claims against Defendants in their official capacity.

**D.     Objections**

Plaintiff raises several objections to Magistrate Judge Baverman's July 12, 2006 Order and Report and Recommendation. These objections fall into two categories: (1) Objections to Magistrate Judge Baverman's decisions on non-dispositive matters, and (2) objections to Magistrate Judge Baverman's Report and Recommendation on Defendants' motion for summary judgment.

With regard to non-dispositive matters, in sections 1, 3, 3(b), 4, and 6 of Plaintiff's objections, Plaintiff objects to Magistrate Judge Baverman's decisions denying Plaintiff's motions seeking the issuance of subpoenas and motion in reconsideration thereof. In section 3(b) of Plaintiff's objections, Plaintiff challenges Magistrate Judge Baverman's decision to deny Plaintiff's motions for default judgment. In section 3(c) of Plaintiff objections, Plaintiff contends that Magistrate Judge Baverman disregarded Judge Forrester's granting/approving of Plaintiff's Preliminary Report requests.[1] Finally, in section 5 of Plaintiff objections, Plaintiff objects to Magistrate Judge Baverman's denial of Plaintiff's motion for a federal investigation and of his motion for reconsideration thereof. In sections 9 and 10 of Plaintiff's objections, Plaintiff contends "that the Labor Job issue was decided by the Georgia Labor Dept." and "objects to the missing items/ docket entries surrounding this case such as

---

[1] As Plaintiff has not shown how Magistrate Judge Baverman disregarded this court's approval of Plaintiff's Preliminary Report, the court cannot discern which action could be clearly erroneous. Therefore, the court finds this objection without merit.

10

no Georgia Dept. Labor Exhibits on file when Plaintiff knows that these items should be part of the record."

Further, Plaintiff objects to Magistrate Judge Baverman's Report and Recommendation on several grounds. In section 6 of Plaintiff's objections, Plaintiff contends that the Report wrongly assumes that Plaintiff was still employed as an Environmental Water Technician instead of a Stream Monitor, and was required to take a mandatory test as a Stream Monitor. In sections 7 and 8 of his objections, Plaintiff generally objects to all of Defendants' claims and Magistrate Judge Baverman's finding that Plaintiff did not address Defendants' allegations. He states that from his filings, depositions, and direct statements to the court, the court should know that all of Defendants' allegations are false. Finally, in section 11 of Plaintiff's objections, Plaintiff contends that the supervisors were decision makers because they controlled every aspect of this illegal process of discrimination.

## II.    Discussion

### A.    Plaintiff's objections to the handling of non-dispositive motions

The District Court reconsiders the decisions of the Magistrate Judge on non-dispositive matters under a clearly erroneous standard of review. *See* 28 U.S.C. § 636(b)(1)(A). Further, "under Federal Rule of Civil Procedure 72(a), a party has ten days after a magistrate judge rules on a non-dispositive matter to file any objections to the order, and 'a party may not thereafter assign as error a defect in the magistrate judge's order to which

11

objection was not timely made.'" *Jones v. United Space Alliance, L.L.C.*, 170 Fed. Appx. 52, 54 (11th Cir. February 3, 2006) (citing Fed. R. Civ. P 72(a)).

As the court has granted Plaintiff's motion for extension of time in which to file objections, the court will consider objections to non-dispositive matters insofar as they address matters raised in Magistrate Judge Baverman's July 12, 2006 order. The court will not consider objections to Magistrate Judge Baverman's orders of March 17, 2005; August 12, 2005; November 18, 2005; and April 7, 2006, as such objections are untimely by three to sixteen months. Therefore, Plaintiff has made timely objections only to Magistrate Judge Baverman's decisions regarding Plaintiff's motion to rescind [89], motion for reconsideration of order denying motion for issuance of subpoena [90], and motion for reconsideration and motion to set aside the minute order denying the motion for federal investigation [105].

A motion for reconsideration is an extraordinary remedy and is only to be granted when there is discovery of new evidence, an intervening change in controlling law, or a need to correct clear error or prevent manifest injustice. *Deerskin Trading Post, Inc. v. United Parcel Serv.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) (Hull, J.). Here, Magistrate Judge Baverman noted that Plaintiff had neither claimed an intervening change in controlling law or that he had discovered new evidence. Therefore, the only avenue for relief was if reconsideration was needed to correct clear error. Magistrate Judge Baverman found that it was not clear error to deny Plaintiff's motions as they were untimely and lacked the necessary

specificity. Magistrate Judge Baverman's order succinctly examined why Plaintiff's motion was untimely. The court does not find this analysis to be clearly erroneous. Moreover, even if the court were to accept Plaintiff's reasoning and find the motion not untimely, Plaintiff still has not addressed in either his motion to rescind, his motion for reconsideration, or his objections why his motion should not be denied for lack of specificity. Therefore, the court does not find Magistrate Judge Baverman's denial of Plaintiff's motions to rescind and for reconsideration of order denying motion for issuance of subpoena to be clearly erroneous.

With regard to Plaintiff's motion for reconsideration and motion to set aside the minute order denying the motion for federal investigation, Magistrate Judge Baverman found that Plaintiff had not shown discovery of new evidence, an intervening change in controlling law, or a need to correct clear error or prevent manifest injustice. Rather, Plaintiff merely had reiterated arguments made in his original motion. Accordingly, Magistrate Judge Baverman denied Plaintiff's motion for reconsideration and motion to set aside the minute order denying the motion for federal investigation. The court does not find Magistrate Judge Baverman's analysis to be clearly erroneous.

### B. Magistrate Judge Baverman's Report and Recommendation

With regard to Magistrate Judge Baverman's Report and Recommendation, none of Plaintiff's objections refutes Magistrate Judge Baverman's findings (1) that Plaintiff's claims under 42 U.S.C. § 1981 "effectively merge" into his section 1983 claims, (2) that Defendants' motion for summary was not premature, (3) that Plaintiff has failed to provide direct or

13

circumstantial evidence of discriminatory intent on the part of the Defendants; and (4) that Plaintiff's 42 U.S.C. § 1983 individual capacity harassment claims are barred by the applicable statute of limitations.

Because Magistrate Judge Baverman did not base his recommendation on whether or not Plaintiff was qualified for either the position of Environmental Water Technician or Stream Monitor, Plaintiff's objection that he was being employed as a Stream Monitor and not required to take a mandatory test is irrelevant.

Plaintiff's only specific objection to Magistrate Judge Baverman's Report and Recommendation concerns whether the individual defendants were decision makers. To the extent that this objection is challenging Magistrate Judge Baverman's ruling with regard to direct evidence of discriminatory intent, the court notes that the Report recommended granting summary judgment not because Defendants were not decision makers, but rather because Plaintiff had failed to tie these statements to any challenged employment decision. Therefore, the court finds Plaintiff's objection to be without merit.

Plaintiff might be asserting that Defendants are policymakers, with power to bind the county, so as to be liable in their official capacity. As stated in Magistrate Judge Baverman's Report and Recommendation, even if Defendants were policymakers with the ability to bind the county, Plaintiff has not shown that they acted with discriminatory intent. Therefore, with regard to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants in their official capacity, Plaintiff has not made a showing sufficient to survive summary judgment.

14

Therefore, the court finds Plaintiff's objections to Magistrate Judge Baverman's Report and Recommendation without merit. Accordingly, the court ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of this court.

### III.    Conclusion

For the all of the stated reasons, the court REJECTS Plaintiff's objections to Magistrate Judge Baverman's decisions on non-dispositive matters and to the Report and Recommendation. Further, having read and considered Magistrate Judge Baverman's Report and Recommendation, the court ADOPTS it as the order of this court and GRANTS summary judgment for Defendants.

**IT IS SO ORDERED** this 22nd day of August 2006.

                                              s/ J. Owen Forrester
                                              J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)